Filed 5/27/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086574 |
| v. | (Super.Ct.No. RIF1990022) |
| MATTHEW DAVID MURRAY RIFAT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Francisco Navarro, Judge.  Affirmed.

Matthew David Murray Rifat, in pro. per.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Kristine A. Gutierrez and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Matthew David Murray Rifat[1] filed a petition in Riverside County Superior Court case No. RIF1990022 (RIF1990022) to seal his arrest and related records pursuant to Penal Code section 851.93,[2] which the court denied. On appeal, defendant contends the court erred in denying his petition. We affirm.

## I. PROCEDURAL BACKGROUND

On January 17, 2019, in RIF1990022, the grand jury issued, and the People filed, an indictment charging defendant and several others, with one count of conspiracy to present false or fraudulent claims (§§ 182, subd. (a)(1) & 550, subd. (a)(6), count 1), 11 counts of making false or fraudulent claims (§ 550, subd. (a)(6), counts 2-12), and 78 counts of money laundering (§ 186.10, subd. (a), counts 13-90), all of which were alleged to have occurred on or about September 1, 2015, through and including September 1, 2018.[3]

On February 29, 2024, in RIF1990022, the court called the matter as to defendant. The court noted, "Counsel, the record will reflect we had a brief chambers conference, and although we are scheduled for [Evidence Code section] 402s today, I believe the parties are going to be involved in some discussion today, and there's a request to trail till

---

[1] Defendant is an attorney and has been, during most of the history of this case, an active member of the California State Bar. He requested, and we granted him, leave to represent himself on appeal.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] It was alleged that some of the offenses had occurred in more specific periods of time within that larger timeframe.

tomorrow; is that correct?" Counsel concurred with the court's statement. The court continued the matter.

On the same day, in Riverside County Superior Court case No. RIF2401013 (RIF2401013), the People charged defendant by complaint with felony acceptance of business with reckless disregard for whether the business intended to violate section 550 (§ 549, count 1) occurring on or about November 17, 2015.

Later that day, the court called RIF2401013. The People noted, "To be clear, for the record, Your Honor, the case which you should also probably call is RIF19[90022]." The People observed that, "the case . . . RIF24[01013], was filed within the last few hours and is set for arraignment today. The parties have contemplated resolving the [RIF2401013] case, and, in exchange, the People will dismiss the [RIF1990022] case against" defendant.

The court then took defendant's plea in RIF2401013. The court noted, "I have a Waiver of Rights Form on . . . RIF2401013, and this Waiver of Rights Form appears to have your initials and signature on it." Defendant affirmed that it did.[4] Defendant indicated that he went over the rights on the form with his attorney, understood those rights, understood the charge he was pleading to, understood the possible sentence, and had no further questions for his attorney or the court.

Defendant pled guilty to the felony charge in RIF2401013. The factual basis for defendant's plea consisted of defendant's adoption of the People's statement "that on or

---

[4] The waiver of rights form does not appear in the record on appeal.

about November 17th, 2015, [defendant] accepted the referral of bookkeeping business from a person with reckless disregard for whether or not the business intended to violate section 550 . . . ."

Defendant waived any issues related to the statute of limitations and the filing of the complaint in RIF2401013. Defendant agreed that the filing in RIF1990022 was supported by probable cause. He understood that pursuant to the plea agreement in RIF2401013, the indictment in RIF1990022 would be dismissed as to him. The court accepted the plea, finding "it's knowingly, intelligently, and voluntarily entered into."

Defendant's counsel noted, "we did provide a separate agreement signed by Mr. Shohet, who is present in court, and [defendant]. That should be filed alongside the plea paperwork in this case." The court ordered that agreement filed.

That agreement reflects that Mr. George Shohet was an attorney with authority to enter into an agreement on behalf of Blue Oak Medical Group and its related entities. Shohet agreed, "As a separate agreement related to defendant['s] . . . guilty plea in [RIF2401013], I agree to dismiss the worker's compensation liens listed in Exhibit 1 attached hereto . . . ." Defendant, "As part of this agreement, . . . agree[d] to file a notice of satisfaction of judgment as consideration of the above lien dismissal." The court signed the agreement.

Pursuant to the plea agreement, the court suspended proceedings and placed defendant on formal probation for 24 months. The court noted, "You will receive credit for the five days you've already served. Net time in custody after today will be zero."

4

The court went over the various terms and conditions of defendant's probation. The People noted, "We might just add that [defendant] has reported to probation since the beginning of this case about 615 times on a once-a-week basis. So it's—and was wearing an ankle bracelet for multiple years." Defendant accepted the terms.

The People then moved to dismiss RIF1990022, "As to this defendant only." The court then dismissed RIF1990022 as to defendant.

On February 14, 2025, defendant filed a petition to seal his arrest and related records pursuant to section 851.93. On April 16, 2025, defendant filed a supplemental declaration in support of his petition to seal his arrest records with exhibits.

On May 7, 2025, the People filed opposition to defendant's petition. The People argued that "defendant was accused of conspiring to and actually committing workers' compensation fraud and money laundering. The entity around which the case centered was called Blue Oak Medical Group." "On January 20, 2019, the defendant was arrested. He was arraigned in custody on approximately January 22, 2019. [¶] Following several years of litigation and a jury trial that hung 11-1 for guilt, the People filed a criminal complaint against the defendant in . . . RIF2401013 (the second case), alleging one count of a violation of section 549. The defendant pled guilty pursuant to a plea bargain. In exchange for that plea, the People dismissed RIF1990022[] (the first case). . . . Critically, the defendant received credit for time served on RIF1990022[] as part of his sentence in RIF2401013."

5

The People contended defendant's petition should be denied because defendant's plea in RIF2401013 was factually based on the allegations in RIF1990022. "Thus, the conviction 'occurred' and the defendant is statutorily ineligible for relief." The People noted, "defendant was arrested three days *after* the filing of the indictment." "The defendant suffered a conviction in the second case directly related to, and based on, the first case. He cannot in good faith argue that the two cases have differing factual underpinnings. This defendant is not the type of person who the Legislature intended to grant relief under section 851.91. Thus, the court should deny the motion."

At a hearing on May 14, 2025, defendant argued, "We have an arrest, an arrest pursuant to an indictment, which the Court has the benefit of. I was charged. There was no conviction. The indictment was dismissed."

The People countered that defendant "is asking us to ignore reality by saying, 'Well, there was no conviction.' Yes, there was. He pled guilty in a subsequent case that was filed as part of the plea bargain that all stemmed from the underlying conduct, which, by the way, there was a probable cause finding by the grand jury, which proceeded to his arrest."

The court noted to defendant, "I look at what you have provided, the dates of the offense, and the charge you mentioned you were convicted of—and that's in RIF2401013—it appears to be stemming from the same time period, same incident. I know there were lots of charges that were filed against you, but I guess what I'm confused about is in your motion, you claim that they are not the same factual

6

underpinnings, and so I know the People disagree with that. [¶] Can you explain yourself[?]"

Defendant responded, "Yes, there was a conviction. I'm not seeking to have that arrest sealed.[5] What we're focused here solely on is the indictment itself."

Defendant contended that the factual basis for his plea in RIF2401013 did not reflect any connection to the basis for his arrest in RIF1990022. "That's as close as it gets to connecting anything to the indictment, and what the legislature has been pretty clear about, or at least the statute is clear about, is we treat each arrest and each charge different." "Yes, there was an arrest, and, yes, there was a charge that was filed. The indictment itself was endorsed by [the prosecutor] and filed by the District Attorney's Office. Yes, it was dismissed. That's the scope of the Court's inquiry."

The People responded, "I think the record is replete with indications that the case that [defendant] pled guilty to and the indictment case are, for a lack of a better term, but for the case number, one in the same." "The only conduct underlying in the case in which he pled guilty was in the indictment. . . . [T]o say that they are not the same or related conduct is just not true."

The court replied, "That's the way I read it when I read the transcripts. . . . It looks like the case was sent out for trial, the parties showed up to do [Evidence Code section] 402s, and the next day, a new case was filed based on, essentially, the same conduct or versions or forms of the same conduct." The court ruled, "So having

_____

**5** There is no indication that defendant was separately arrested pursuant to the complaint in RIF2401013.

7

reviewed . . . the documents filed by both sides, at this time, the Court is denying the request."

## II.  DISCUSSION

Defendant contends the court erroneously denied his petition.  We disagree.

"Section 851.91, enacted by the Legislature through Senate Bill No. 393 (2017-2018 Reg. Sess.) (Senate Bill 393) and effective as of January 1, 2018, provides for the sealing of arrest records in certain situations when the arrest did not result in a conviction."  (*People v. D.C.* (2020) 54 Cal.App.5th 727, 733.)

"Section 851.91, subdivision (a) provides:  'A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest and related records sealed' in accordance with the procedures outlined in section 851.92.  The petition 'may be granted as a matter of right or in the interests of justice.'  (§ 851.91, subd. (c).)  A petitioner 'is entitled to have his or her arrest sealed as a matter of right' if he or she 'suffered an arrest that did not result in a conviction' subject to exceptions for domestic violence, child abuse, or elder abuse offenses.  (§ 851.91, subds. (a), (c)(1)-(c)(2)(A)(i).)  'For purposes of this section, an arrest did not result in a conviction if . . . [¶] . . . [¶]  (B) The prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to all charges, one or more of the following has occurred:  [¶]  (i) No conviction occurred, the charge has been dismissed, and the charge may not be refiled. [¶]  (ii) No conviction occurred and the arrestee has been acquitted of the charges.  [¶] (iii) A conviction occurred, but has been vacated or reversed on appeal, all appellate

8

remedies have been exhausted, and the charge may not be refiled.' (§ 851.91, subd. (a)(1), (B)(i)-(iii).)" (*People v. E.B.* (2020) 51 Cal.App.5th 47, 53-54.)

"The petitioner has the initial burden of proof to show that he or she is entitled to have his or her arrest sealed as a matter of right or that sealing would serve the interests of justice. If the court finds that petitioner has satisfied his or her burden of proof, then the burden of proof shall shift to the respondent prosecuting attorney." (§ 851.91, subd. (d)(2).) "[W]e defer to the trial court's factual findings to the extent they are supported by substantial evidence, but independently review the record to determine whether the defendant sustained his burden . . . ." (See *People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1457-1458 [On review in the denial of a § 851.8 petition].)

Here, overwhelming evidence supports the court's conclusion that there was a causal link between defendant's arrest in RIF1990022 and his resultant conviction in RIF2401013. On February 29, 2024, the court called RIF1990022 but trailed the matter because "the parties are going to be involved in some discussion today." On the same day, in RIF2401013, the People charged defendant by complaint with felony false or fraudulent claims against insurers occurring on or about November 17, 2015. The date of the commission of the offense in RIF2401013 correlated with the dates of the offenses in RIF1990022.

When the court later called RIF2401013, the People noted the court should also call RIF1990022. The People noted that the parties contemplated resolving RIF2401013 in exchange for the dismissal of RIF1990022. The factual basis for the plea in

9

RIF2401013, although "neither a lesser included nor a lesser related offense to those charged in the indictment," was sufficiently related to the conduct alleged to have occurred in the indictment to permit a rational inference that they were related. In fact, both the complaint and plea in RIF2401013 involved an allegation under section 550, which comprised 12 of the counts in the indictment in RIF1990022.

Defendant agreed that the filing in RIF1990022 was supported by probable cause. He understood that pursuant to the plea agreement in RIF2401013, the indictment in RIF1990022 would be dismissed as to him. A separate document was filed alongside the plea paperwork in RIF2401013, which reflected an agreement between counsel for Blue Oak Medical Group, the managing entity alleged in the indictment in RIF1990022 to have been used to commit offenses alleged therein, and defendant to dismiss worker's compensation liens. Worker's compensation fraud was the subject of some of the alleged fraud in the indictment.

Defendant received credit for time served in RIF1990022 in his sentence in RIF2401013. The People noted at sentencing in RIF2401013 that defendant had already been serving probation "since the beginning of this case," which would necessarily mean in RIF1990022. The court dismissed RIF1990022 as to defendant on the People's motion, pursuant to the plea agreement.

Thus, because there was a causal nexus between defendant's arrest in RIF1990022 and his conviction in RIF2401013, defendant's conviction derived from the behavior that led to his arrest. The complaint filed by the prosecuting attorney in RIF2401013 was an

10

accusatory pleading based on defendant's arrest in RIF1990022.  Therefore, the court properly denied defendant's petition.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

CERTIFIED FOR PUBLICATION

McKINSTER_____
Acting P. J.

We concur:

FIELDS_____
J.

MENETREZ_____
J.